JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234
    E-mail: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>CLIFFORD DANIELS, )<br>)<br>    Defendant. )<br>)<br>)<br>                       ) | No. CR 07-0625 MAG<br><br>UNITED STATES' MOTION IN LIMINE TO ADMIT DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT UNDER FED. R. EVID. 609<br><br>Trial:    January 25, 2008<br>Time:   9:00 a.m.<br>Court:  Hon. Nandor J. Vadas |

    The defendant has three prior felony convictions which are relevant to the defendant's ability to testify truthfully and should be admitted to impeach the defendant should he testify at trial.

## I. PRIOR FELONY CONVICTION

    The defendant has been convicted of the following felonies:

- April 23, 1992 conviction in San Francisco Superior Court for possession of a narcotic controlled substance, in violation of California Health and Safety Code Section 11350(a), for which the defendant received a suspended sentenced of three years probation, which was subsequently revoked on March 2, 1993 and his sentence was modified to a one-year prison term.[1]

---

[1] The fact that the defendant's sentence was originally suspended is not relevant for the purposes of a 609 motion since it is the possible nature and extent of punishment, rather than

U.S. MOT. TO ADMIT DEF. PRIOR
CONVICTION UNDER FED. R. EVID. 609     1

- August 2, 1994 conviction in San Francisco Superior Court for possession of a narcotic controlled substance, in violation of California Health and Safety Code Section 11350(a), for which the defendant was sentenced to a sixteen month prison term.

- June 20, 2001 conviction in San Francisco Superior Court for taking a vehicle without the owner's consent, in violation of California Vehicle Code Section 10851(a), for which the defendant received a suspended sentence of six months jail and three years probation.

Additionally the defendant was convicted of the following misdemeanor:

- July 7, 2000 conviction in San Francisco Superior Court for sale or furnishing of a substance falsely represented to be a controlled substance, in violation of California Health and Safety Code Section 11355, for which the defendant received a suspended sentence of 53 days in jail and 36 months probation.

If the defendant testifies at trial, the government seeks to impeach the defendant by offering evidence of these prior convictions.

**II. FEDERAL RULE OF EVIDENCE 609(a)(1)**

Federal Rule of Evidence, Rule 609(a)(1) provides in pertinent part:

> For the purpose of attacking the character for truthfulness of a witness, . . . evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of more than 1 year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused.

The Ninth Circuit has set forth five factors to be considered in balancing the probative value of a prior conviction against its prejudicial effect for purposes of Rule 609(a)(1): (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *United States v. Browne,* 829 F.2d 760, 762-63 (9th Cir. 1987).

**A. Impeachment value of prior crimes.**

Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's

---

punishment actually imposed upon conviction which is important, since even suspended sentence does not disqualify a conviction for use for impeachment purposes under Rule 609. *United States v Collins,* 552 F2d 243 (8th Cir. 1977) *cert. den.*, 434 US 870 (1977).

U.S. MOT. TO ADMIT DEF. PRIOR
CONFICTION UNDER FED. R. EVID. 609          2

propensity to testify truthfully. *United States v. Lipscomb,* 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc) (concluding that Congress believed that all felonies have some probative value on the issue of credibility); *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997); *United States v. Alexander,* 48 F.3d 1477, 1488 (9th Cir. 1994).  As such, the defendant's prior felony convictions adds value to the Court's evaluation of defendant's propensity for truthfulness. Thus, this factor weighs in favor of admissibility.

**B. Point in time of conviction and defendant's subsequent history.**

Though two of the defendant's prior felony convictions are more than ten years old, they may be admitted if "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *See* Fed. R. Evid. 609(b).  Furthermore, the time period for relevant convictions is calculated at ten years or the date of release on the conviction, "whichever is the later date." Fed. R. Evid. 609(b).  The 2001 felony conviction is well within the ten year limit which weighs in favor of its admissibility.  The 1992 and 1994 convictions and release dates are both beyond the ten year period.[2]  However, the government is not seeking admission of these convictions to show the substance of the felonies, only to impeach the defendant should he decide to testify by showing that he was previously convicted of felonies.  Because this evidence will allow the court to make a judgment on the validity of the defendant's testimony it has substantial probative value.

Additionally, even if the dates of these two convictions weighs against their admissibility, this is only one of the factors to be considered in balancing the probative value against the prejudicial effect.  "What matters is the balance of all five factors." *Alexander,* 48 F.3d at 1488. Therefore, even if this factor weighs against admissibility, it should not preclude the evidence

---

[2] However, the government notes that since the defendant was subsequently revoked on the 1992 case, the running of the ten year period is tolled by defendant's reconfinement after violating his probation conditions. *United States v. McClintock*, 748 F.2d 1278 (9th Cir. 1984)(Court found appellant's reconfinement in 1977 upon revocation of her parole was "confinement imposed for [the original] conviction" which tolled the ten-year limit of Fed. R. Evid. 609(b)).

from being admitted.

### C. Similarity between past and charged crimes.

Defendant's prior felony convictions of possession of narcotics and taking a vehicle without owners consent are substantially dissimilar to the current offense of simple assault.  Therefore, there is no danger of the probative value of the fact of the conviction being outweighed by the danger of unfair prejudice under Fed. R. Evid. 403 - i.e. the prior convictions do not go to the issue of propensity. *United States v. Wallace*, 848 F.2d 1464 (9th Cir. 1988)(The danger in admitting a prior conviction is where the prior crime is similar to the instant offense).

Because the convicted offenses are different there is substantially less danger that the evidence is showing the propensity to commit the current act.   Therefore, this factor weighs in favor of admissibility.

### D. and E.  Importance of testimony/centrality of defendant's credibility.

The Ninth Circuit has stated that "[w]hen a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue." *Alexander*, 48 F.3d at 1489.  As in most criminal cases, the United States does not know what the defendant will say at trial, or if he will testify at all.  It is difficult to imagine any circumstance, however, in which the defendant would elect to testify and not make exculpatory statements which place his credibility directly at issue.

The importance of putting defendant's testimony in the proper light for the Court to consider cannot be overstated.  If the defendant testifies and the United States is not permitted to impeach him with his prior felony convictions, the Court could be left with a false impression about defendant's trustworthiness as a testifying witness.  Permitting defendant to testify without impeachment by his prior felony convictions dresses him in a cloak of credibility.  Thus, the fourth and fifth factors weigh in favor of admissibility.

### III. FEDERAL RULE OF EVIDENCE 609(a)(2)

Federal Rule of Evidence 609(a)(2) provides in pertinent part:

> For the purpose of attacking the character for the truthfulness of a witness, evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false

        statement by the witness.

Here, seven years ago the defendant was convicted of sale or furnishing a substance falsely represented to be a controlled substance.  This necessarily involves dishonesty or making a false statement since an element of the crime is to represent something as a controlled substance when it is not.  Therefore, even though it was a misdemeanor conviction, evidence of this conviction should be admitted to impeach the defendant should he choose to testify.  *United States v Cabrera*, 201 F3d 1243 (9th Cir. 2000)(Court found that the district judge should have allowed prosecutor to elicit defendants misdemeanor convictions because impeachment value of misdemeanors involving dishonesty or false statement derives not from mere fact of conviction but from nature of misdemeanors.)  Moreover, Rule 609(a)(2) is cast in mandatory language and the conviction is therefore admissible no matter how prejudicial it is, no matter who the witness is, and no matter how cumulative it may be as to impeachment of the witness.

## IV.  CONCLUSION

The United States respectfully submits that upon consideration of the five factors, the probative value of the above-referenced three felony convictions substantially outweighs any prejudicial effect.  Any prejudice of admission of the prior convictions is not overwhelming and can be moderated by the Court's judgment. With regards to the misdemeanor conviction involving dishonesty or false statements, the United States submits that since it is a crime that inherently involves deception committed in the last ten years, it is therefore admissible.

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Motion in Limine to Admit Prior Convictions for Impeachment Under Fed. R. Evid. 609(a) and (b).

DATED: January 18, 2008

                                    Respectfully submitted,

                                    JOSEPH P. RUSSONIELLO
                                  United States Attorney

                                   /s/
                                WENDY THOMAS
                                Special Assistant United States Attorney