1  BARRY J. PORTMAN
   Federal Public Defender
2  ERIC MATTHEW HAIRSTON
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA  94102
4  Telephone:  (415) 436-7700

5  Counsel for Defendant DANIELS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-0625 MAG |
|---|---|---|
| Plaintiff, | ) ) | DEFENDANT'S OPPOSITION TO MOTION IN LIMINE TO ADMIT |
| v. | ) ) | EVIDENCE OF PRIOR CONVICTIONS UNDER FED. R. |
| CLIFFORD DANIELS, | ) ) | EVID. 609 |
| Defendant. | ) ) ) | Trial:   January 25, 2008 Time:   9:00 a.m. Court:   Honorable Nandor J. Vadas |

Opp. To MIL To Admit Priors

**INTRODUCTION**

Clifford Daniels hereby opposes the government's motion in limine to admit evidence of his prior convictions under Federal Rule of Evidence 609.

**ARGUMENT**

Mr. Daniels has yet to determine whether he will testify in his own defense. Even if Mr. Daniels decides to testify, however, evidence of his prior convictions should be excluded from introduction at trial. Evidence of prior convictions may be admissible for the purpose of attacking a witness's credibility pursuant to Federal Rule of Evidence 609. However, since none of Mr. Daniels' prior convictions meet the criteria for admissibility pursuant to Rule 609, no evidence of those convictions should be admitted even if he does decide to testify.

As a preliminary matter, prior convictions that are misdemeanors[1] or over ten years old are generally inadmissible under Rule 609. Mr. Daniels' 1992 and 1994 convictions fall well outside this ten year window, and the government has made no showing that either of these convictions is of sufficient probative value to overcome their presumptive inadmissability. Mr. Daniels' more recent misdemeanor conviction is also categorically inadmissable. Rule 609 permits that evidence of a prior misdemeanor conviction is admissible "if it can be readily determined that establishing the *elements of the crime* required proof or admission of an act of dishonesty or false statement by the witness." *Id.* (Emphasis added). Mr. Daniels' July 7, 2000 misdemeanor conviction for sale or furnishing of an alleged controlled substance required no showing of dishonesty or false statements regarding the nature of the substance in question. Thus, no evidence of this conviction can properly be admitted at trial for purposes of impeachment.

Within the past ten years Mr. Daniels has only one prior felony conviction- a 2001 conviction for taking a vehicle without the owner's consent in which he received six months in jail and three years of probation. Rule 609(a)(1) provides that evidence of a felony conviction

---

[1] Except that any conviction involving dishonesty or false statement shall be admitted regardless of the punishment. *See* FRE 609(a)(2).

occurring within the last 10 years is only admissible against a criminal defendant "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." FRE 609(a)(1). The government bears the burden of establishing that the probative value of admitting a prior conviction under Rule 609(a)(1) outweighs its prejudicial effect. *See United States v. Bagley,* 772 F.2d 482, 487 (9th Cir. 1985). Here, the potential for prejudice far outweighs any probative value of Mr. Daniels' only prior felony falling within the 10 year window.

The Ninth Circuit has held that the factors a district court should consider in determining whether the government has met its burden include: 1) the impeachment value of the prior crime; 2) the temporal relationship between the conviction and the subsequent history of the defendant; 3) the similarity between the prior offense and the offense charged; 4) the importance of the defendant's testimony; and 5) the centrality of the credibility issue. *See id.* at 487 (citing *United States v. Cook,* 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc)).

The first two factors weigh strongly against admissibility. First, the impeachment value of Mr. Daniels' prior conviction for auto theft is low since it is not the type of conviction that would itself indicate a lack of credibility. *See id.* ("[P]rior felony convictions which do not in themselves implicate the veracity of the witness may have little impact on credibility.").

Next, that prior conviction predates the case before the Court by over 6 years and has no other temporal relationship to the present proceedings against Mr. Daniels. Since prior convictions are inadmissible under Rule 609(b) if they are 10 years old, a 2001 conviction is more than halfway finished with its journey to irrelevancy and inadmissibility.

The last two factors for consideration are the importance of the defendant's testimony and the centrality of the defendant's credibility. Together, they weigh neither in favor of nor against admissibility. Certainly any defendant who testifies puts his credibility at issue to some extent. However, merely testifying cannot be sufficient to overcome the protections of Rule 609, since that rule only applies to the impeachment of testifying witnesses. Moreover, Mr. Daniels has not

noticed any defense, such as an alibi, which would make his credibility "central" to the trial.

Thus, two of the five factors for consideration weigh strongly against admissibility, and two other factors are neutral. While it is true that the dissimilarity between the prior felony conviction and current offense may help mitigate the potential harm to Mr. Daniels, it is clear that a consideration of all relevant factors weighs against admission of the prior and the corresponding risk of any prejudice that might result from such an admission. As a result, no evidence of any prior conviction should be admitted against Mr. Daniels.

## CONCLUSION

For the aforementioned reasons, the Court should exclude all references to Mr. Daniels' prior convictions if he decides to testify in his own defense.

Dated: January 23, 2008

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender


          /S/

        ERIC MATTHEW HAIRSTON
        Assistant Federal Public Defender